IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSEPH LEE CHATWIN,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | **MEMORANDUM DECISION AND ORDER OF DISMISSAL**<br><br>Case No. 2:16-cv-00932-RJS<br><br>Chief Judge Robert J. Shelby |

Due to unintended delay, there are currently three filings pending in this action that require attention: (1) Petitioner Joseph Lee Chatwin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Petition);[1] (2) Respondent United States of America's Motion to Dismiss the Petition;[2] and (3) Petitioner's Motion to Amend the Petition.[3]  While these matters were pending, both the Supreme Court and the Tenth Circuit Court of Appeals issued binding precedent that strengthened some arguments advanced by the parties and invalidated others.  Whether Chatwin waived his rights under § 2255 remains a critical issue unaffected by other advances in the relevant law.  For the reasons explained below, the court concludes that he has.  Accordingly, Chatwin's Motion to Amend is DENIED, the government's Motion to Dismiss is GRANTED, and the Petition is DENIED and DISMISSED.

---

[1] Dkt. 1 (Petition).

[2] Dkt. 9 (Motion to Dismiss).

[3] Dkt. 22 (Motion to Amend).

## BACKGROUND

### I.   The Criminal Case

A grand jury indicted Chatwin on eleven counts in October 2012.[4]  In exchange for the other counts being dismissed, Chatwin pleaded guilty on March 1, 2013, to counts three (Bank Fraud in violation of 18 U.S.C. § 1344) and nine (Carrying a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)).[5]  Before the court accepted Chatwin's guilty plea, it engaged in a Federal Rule of Criminal Procedure 11 colloquy,[6] finding there was "a factual basis upon which to proceed," Chatwin was "fully competent," and that his plea was given "freely and voluntarily, with full knowledge of his legal rights and consequences of entering the plea."[7] Chatwin, his counsel, and counsel for the United States all signed Chatwin's Statement in Advance of Plea of Guilty Pursuant to Rule 11(c)(1)(C) (Plea Agreement) and filed it with the court.[8]

On June 3, 2013, Chatwin appeared for sentencing.[9]  Consistent with the Plea Agreement, the United States moved to dismiss counts one, two, four, five, six, seven, eight, ten, and eleven of the Indictment, and the court dismissed them.[10]  The court then sentenced Chatwin to 144 months incarceration.[11]

---

[4] *See* Case No. 2:12-cr-00617-RJS-CMR (Crim. Case): Dkt. 1 (Indictment).

[5] *See* Crim. Case: Dkt. 1 (Indictment) at 4–6, 9–10; Dkt. 36 (Plea Agreement); Dkt. 38.

[6] *See* Dkt. 4 (RESTRICTED); Crim. Case: Dkt. 38 ("The dft is sworn and answers questions posed by the court.").

[7] Crim. Case: Dkt. 38.

[8] *See* Crim. Case: Dkt. 36 at 12, Dkt. 38 ("Statement in Advance of Plea of Guilty is executed and filed in court.").

[9] *See* Crim. Case: Dkt. 46.

[10] *Id.*

[11] *Id.*

## II. The Waiver

As part of the Plea Agreement, Chatwin waived various rights, including his right to challenge his sentence under § 2255. That waiver reads:

> I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, except as set forth in ¶ 2(a) above, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver as set forth in *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).[12]

Chatwin represented throughout the Plea Agreement that he had been advised of his rights with the assistance of counsel and that he entered his guilty plea "with a full understanding of [his] rights, the facts and circumstances of the case and the consequences of the plea."[13] He also represented that he had "no mental reservations concerning the plea" and that he was "satisfied with [his] lawyer."[14]

## III. Procedural History

On September 6, 2016, Chatwin, proceeding pro se, filed his Petition.[15] His claim for relief is that his "Conviction And Sentencing [are] Unconstitutional Due To *Johnson v. United States*" because a "Police Chase [is] Not A Violent Crime."[16] In *Johnson*, the Supreme Court found unconstitutionally vague the definition of a "violent felony" in 18 U.S.C. § 924(e)(2)(B).[17]

---

[12] Crim. Case: Dkt. 36 ¶ 12(A)(2)(c).

[13] *Id.* at 11 ¶ 6.

[14] *Id.* at 11 ¶¶ 5, 7.

[15] *See* Dkt. 1.

[16] Dkt. 1 at 4 (citing *Johnson v. United States*, 576 U.S. 591 (2015)).

[17] *See Johnson*, 576 U.S. at 593–97.

Construed liberally, Chatwin's claim is that *Johnson's* holding extends to his sentence under § 924(c) because his sentence was imposed under a similarly worded provision in § 924(c)(3)(B).[18]

The United States filed on November 21, 2016, its Motion to Dismiss the Petition, arguing the Petition should be dismissed for two reasons: (1) Chatwin waived his § 2255 rights in the Plea Agreement, and (2) his claim was untimely.[19]  Chatwin was then appointed counsel and responded to the Motion to Dismiss.[20]  The Motion to Dismiss has been fully briefed since March 2017.[21]

With the assistance of counsel, Chatwin filed a Motion to Amend in June 2020.[22] Attached to the Motion to Amend is Chatwin's proposed Amended Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Amended Petition).[23]  In it Chatwin seeks leave to amend his Petition to include a due process claim under *United States v. Davis*,[24] in which the Supreme Court held unconstitutionally vague the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B).[25] Chatwin argues his claim is timely under *United States v. Bowen*,[26] where the Tenth Circuit "conclude[d] that the Supreme Court's ruling in <u>Davis</u> that [§ 924(c)(3)(B)] is void for vagueness

---

[18] *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("Finally, because [defendant] appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.") (citation omitted).

[19] *See* Dkt. 9 at 3.  The United States also argued the court should dismiss the Petition because its claims are insufficiently pleaded.  *Id.* at 2–3.  Although this argument may have had merit before Chatwin was appointed counsel and filed additional briefings, including a Motion to Amend with an Amended Petition, the additional filings and the clarification they add moot this argument.  In reaching its decision, the court relies primarily on Chatwin's filings that were filed with the assistance of counsel.

[20] *See* Dkt. 16.

[21] *See* Dkt. 19.

[22] *See* Dkt. 22.

[23] *See* Dkt. 22-1 (Amended Petition).

[24] Dkt. 22 at 1–2 (citing *United States v. Davis*, 139 S. Ct. 2319 (2019)).

[25] *Davis*, 139 S. Ct. at 2336.

[26] Dkt. 22 at 1 (citing *United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019)).

is a new constitutional rule that is retroactive on collateral review."[27]  Chatwin's Amended

Petition, therefore, does not alter the foundation of his original claim, i.e., that his § 924(c)

conviction and sentence are unconstitutional because they rely on an unconstitutionally vague

statute.[28]  Rather, he seeks only to amend his claim from one relying on an extension of *Johnson*

to one flowing directly from *Davis*.

The United States recognizes *Davis* and *Bowen* have invalidated some of the arguments it

originally raised in its Motion to Dismiss.[29]  Nevertheless, it argues the Motion to Amend should

be denied because "both the original [P]etition and the proposed [A]mended [P]etition are

subject to dismissal on the same basis": they are barred by Chatwin's § 2255 waiver in his Plea

Agreement.[30]  The United States argues the court should deny the Motion to Amend because the

proposed amendment is futile.

## LEGAL STANDARD

"To safeguard a plaintiff's opportunity to test her claims on the merits, Rule 15(a) of the

Federal Rules of Civil Procedure provides that leave of the court to amend the pleadings should

be freely given when justice requires."[31]  Accordingly, "the district court's discretion to deny

leave in this context is confined to circumstances such as undue delay, bad faith or dilatory

---

[27] *Bowen*, 936 F.3d at 1097–98.

[28] *Compare* Dkt. 16 at 3 (explaining that Chatwin challenges only the constitutionality of his conviction and sentence under § 924(c)), *with* Dkt. 22-1 at 3 (Amended Petition) ("Because Mr. Chatwin's conviction was unconstitutionally based on [§ 924(c)(3)(B)], this court should vacate his § 924(c) conviction and resentence him on the remaining counts.").

[29] *See* Dkt. 24 at 3 n.1.

[30] *Id.* at 3.

[31] *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997) (citing Fed. R. Civ. P. 15(a)).

motive on the part of the movant, . . . futility of amendment, etc."[32]  At issue here is whether it is futile for Chatwin to amend his Petition.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[33]  That is, justice does not require the court to grant leave to amend a petition if the proposed amended petition "would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment."[34]

## ANALYSIS

As explained above, the United States argues the court should deny Chatwin's Motion to Amend because the proposed amendment is futile.  According to the United States, Chatwin's Motion to Amend is futile because an enforceable waiver bars Chatwin's due process claim in both the Petition and the Amended Petition.  The court therefore narrows its analysis to whether Chatwin's § 2255 waiver is enforceable.  After the court addresses that issue, it turns to whether Chatwin is entitled to a certificate of appealability under 28 U.S.C. § 2253(c)(1)(B).

### I.   Chatwin's § 2255 Wavier Is Enforceable

When a defendant waives his § 2255 rights,[35] that waiver is enforceable if (1) "the disputed claim falls within the scope of the waiver," (2) "the defendant knowingly and

---

[32] *Earles v. Cleveland*, 825 F. App'x 544, 552 (10th Cir. 2020) (unpublished) (quotation marks and citation omitted).

[33] *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs. Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (citation omitted).

[34] *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1240 (10th Cir. 2001) (citations omitted).

[35] Under 28 U.S.C. § 2255, the court may "vacate, set aside or correct" a federal prisoner's sentence if (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a); *see United States v. Fields*, 949 F.3d 1240, 1246 (10th Cir. 2019) ("[R]elief under § 2255 is generally confined to situations where (a) the convictions and sentences were entered by a court without jurisdiction, (b) the sentence imposed was outside of the statutory limits, (c) a constitutional error occurred, or (d) a non-constitutional error of law or an error of fact occurred that constituted a fundamental defect which inherently resulted in a complete miscarriage of justice, i.e., that rendered the entire proceeding irregular and invalid.") (quotation marks, brackets, and citation omitted).

voluntarily" waived his rights, and (3) "enforcing the waiver would [not] result in a miscarriage of justice."[36]  Chatwin does not argue his due process claim falls outside the waiver or that he unknowingly and involuntarily waived his rights.[37]  Rather, he argues that the waiver is not enforceable because enforcing it would result in a miscarriage of justice.[38]

> "A miscarriage of justice occurs" in the following circumstances:
>
> [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.[39]

"As the *Hahn* court underscored, that list is exclusive: 'enforcement of a[] . . . waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated' above."[40]  As the petitioner, it is Chatwin's burden "to demonstrate that the . . . waiver results in a miscarriage of justice."[41]

Chatwin argues only that enforcing the waiver would result in a miscarriage of justice because the waiver is otherwise unlawful.[42]  The United States disagrees, arguing the waiver is not unlawful because the Tenth Circuit has repeatedly held that a change in law does not invalidate an otherwise valid waiver.[43]  The court agrees with the United States.

---

[36] *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (brackets omitted); *see United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001) ("[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made.").

[37] *See* Dkt. 16 at 3–13.

[38] *See id.*; Dkt. 22-1 (Amended Petition) at 7 ("Mr. Chatwin has already argued at length why neither procedural default nor the appeal waiver should prevent the court from reaching the merits of his claims. (Doc. 16.)").

[39] *United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008) (citation omitted) (alterations in original).

[40] *Id.* (quoting *Hahn*, 359 F.3d at 1327).

[41] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004) (citation omitted).

[42] *See* Dkt. 16 at 3–13.

[43] *See* Dkt. 19 at 10–13.

"For the waiver to be invalid on the ground of unlawfulness, the unlawfulness must 'seriously affect the fairness, integrity or public reputation of judicial proceedings.'"[44]  The Tenth Circuit has explained on multiple occasions that this standard "looks to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error."[45]

In *Frazier-LeFear*, the Tenth Circuit identified two additional guiding principles under this standard: (1) "the fact that the alleged error arises out of a change in the law subsequent to the defendant's plea does not alter the above analysis," and (2) Tenth Circuit "cases do not reflect any recognition of any special exception for errors of constitutional dimension."[46]  This standard forecloses each of Chatwin's arguments.

To begin, Chatwin argues "enforcing the waiver is a miscarriage of justice where the petitioner asserts his actual innocence."[47]  This argument, however, does not address the relevant

---

[44] *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) (quoting *Hahn*, 359 F.3d at 1327).

[45] *United States v. Frazier-LeFear*, 665 F. App'x 727, 729 (10th Cir. 2016) (unpublished) (quoting *United States v. Polly*, 630 F.3d 991, 1001–02 (10th Cir. 2011)); *see United States v. Thornburgh*, 368 F. App'x 908, 913 (10th Cir. 2010) (unpublished) ("Likewise, nothing in the record suggests that [petitioner's] waiver of his appellate rights was unlawful."); *Shockey*, 538 F.3d at 1357 ("As inscrutable as [petitioner's] sentence is, enforcement of his plea agreement's appellate waiver would not render *the waiver itself* unlawful.") (citation omitted); *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007) ("[Petitioner's] argument that alleged errors in the court's determination of her sentence should invalidate her appellate waiver illustrates what *Hahn* called the logical failing of focusing on the result of the proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is valid.") (quotation marks, brackets, and citation omitted); *Sandoval*, 477 F.3d at 1208 ("Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible.") (citation omitted); *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) ("The relevant question, however, is not whether [petitioner's] sentence is unlawful in light of *Booker's* remedial holding, but whether subsequent changes in the law render his appeal waiver itself unenforceable.").

[46] *Frazier-LeFear*, 665 F. App'x at 730–31 (citations omitted).

[47] Dkt. 16 at 4; *see* Dkt. 22-1 (Amended Petition) at 7 ("To the extent default or waiver would normally apply, neither doctrine should apply here, where Mr. Chatwin is actually innocent of violating § 924(c).").

circumstances that constitute a miscarriage of justice under binding precedent.  Indeed, Chatwin does not attempt to show how his "actual innocence"[48] renders his waiver unlawful.

Chatwin's next two arguments are legally unpersuasive for similar reasons.  First, he argues "enforcing the waiver is otherwise unlawful where the new rule was foreclosed at the time of the waiver."[49]  Second, he argues "enforcing the waiver would be a miscarriage of justice where the Tenth Circuit has held that *any* sentence increase based on the ACCA Guidelines' residual clause 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"[50]  The underlying premise for both arguments is that errors which are "remediable on plain-error review, i.e., [those that] seriously affect[] the fairness, integrity or public reputation of judicial proceedings," equate to a miscarriage of justice in the waiver context.[51] But the Tenth Circuit has already ruled against this approach.

In *Frazier-LeFear*, the Tenth Circuit rejected the premise that a miscarriage of justice is reducible to plain error because that would allow a petitioner to "proceed[] directly to the . . . standard for identifying error qualifying as a miscarriage of justice, without first confirming that the error related to the waiver itself."[52]  If a petitioner were not required to show the error related

---

[48] Under Tenth Circuit precedent, it is unlikely that Chatwin is "actually innocent" of violating § 924(c).  *See United States v. Kendall*, 876 F.3d 1264, 1270 (10th Cir. 2017) (holding that 18 U.S.C. § 111(b)—the same predicate "crime of violence" for Chatwin's § 924(c) conviction—is a crime of violence); *United States v. Wing*, 730 F. App'x 592, 597 (10th Cir. 2018) (unpublished) ("[O]ur precedent in *Kendall* guides our conclusion that a § 111(b) offense qualifies as a crime of violence under § 924(c)(3)(A).  Therefore, even if [petitioner] could establish that his habeas motion was timely and that *Johnson* compelled the conclusion that § 924(c)(3)(B) is unconstitutionally vague, [petitioner's] motion still fails on the merits.").  Further, Chatwin fails to carry his burden because he does not explain how his argument satisfies the Tenth Circuit's "actual innocence" standard: "A claim of actual innocence typically must be based on new evidence suggesting 'factual innocence, not mere legal insufficiency.'"  *Griffin v. Scnurr*, 640 F. App'x 710, 721 (10th Cir. 2016) (unpublished) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

[49] Dkt. 16 at 4.

[50] *Id.* at 6.

[51] *Frazier-LeFear*, 665 F. App'x at 731 (quotation marks and citation omitted).

[52] *Id.*

to the waiver, the waiver could be nullified "based on the very sort of claim it was intended to waive."[53]  Accordingly, a challenge to the underlying proceedings but not the waiver's lawfulness, "however it may be characterized for purposes of the . . . plain-error standard," "does not provide a basis for holding enforcement of the waiver to be a miscarriage of justice."[54]  Yet this is what Chatwin attempts to do—challenge his conviction and sentence under the plain-error standard without challenging the lawfulness of his waiver.[55]

Chatwin urges this court not to follow *Frazier-LeFear* because it is "not binding and is poorly reasoned."[56]  His attempts to avoid *Frazier-LeFear* are unpersuasive.  As explained above, binding Tenth Circuit precedent makes clear that under the "otherwise unjust" prong of the "miscarriage of justice" exception to enforcing a waiver, it is the waiver that must be unlawful and not some other aspect of the proceedings.  Under that precedent, the court "is constrained to conclude that [Chatwin's] waiver is enforceable" because, although he challenges his conviction and sentence, he never challenges the lawfulness of the waiver.[57]

The court enforces Chatwin's waiver because it is valid and its enforcement would not result in a miscarriage of justice as the Tenth Circuit has defined the term.  Accordingly, it would be futile for Chatwin to amend his Petition because the waiver bars his due process claim both in the original Petition and the proposed Amended Petition.

---

[53] *Id.* at 732 (citation omitted).

[54] *Id.*

[55] *See* Dkt. 22-1 (Amended Petition) at 1 ("Because Mr. Chatwin's conviction was unconstitutionally based on the residual clause, this court should vacate his § 924(c) conviction and resentence him on the remaining counts.").

[56] Dkt. 16 at 8.

[57] *Shockey*, 538 F.3d at 1358.

## II.     Chatwin is Not Entitled to a Certificate of Appealability

"Unless a . . . judge issues a certificate of appealability [(COA)], an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under Section 2255."[58] When a court has dismissed a petitioner's claims "on procedural grounds without reaching the prisoner's underlying constitutional claim"—as the court has done here—"a COA should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[59]

The Tenth Circuit—in binding and nonbinding case law—has made clear that an "otherwise unlawful" challenge to a waiver's enforcement must attack the waiver, not some other part of the proceedings.  Because Chatwin's claim concerns only the unlawfulness of his conviction and sentence, he does not meet this standard.  This is clear and not something that could reasonably be debated by jurists.[60]  Accordingly, the court must conclude it is barred from issuing a COA.

---

[58] 28 U.S.C. § 2253(c)(1)(B).

[59] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see United States v. Park*, 727 F. App'x 526, 528 (10th Cir. 2018) (unpublished) ("If . . . the district court rejected a claim on procedural grounds, the prisoner must show both (1) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling *and* (2) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.") (quotation marks and citation omitted).

[60] *See Flint v. United States*, Case No. 1:16-CV-00073-TC, 2017 WL 237613, at *4 (D. Utah Jan. 19, 2017) ("Collateral-challenge waivers are enforceable for claims of error that do not render the waiver itself unlawful, even if the alleged error arises out of a subsequent change in law.").

**CONCLUSION**

For the foregoing reasons, Chatwin's Motion to Amend[61] is DENIED, the United States'

Motion to Dismiss[62] is GRANTED, and Chatwin's Petition[63] is DENIED and DISMISSED.

SO ORDERED this 7th day of December 2020.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[61] Dkt. 22.

[62] Dkt. 9.

[63] Dkt. 1.